**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY** | * * * * | |
| Plaintiff | * * | |
| v. | * * | Case No.: RWT 14cv1123 |
| **KARL JOHNSON** | * * | |
| Defendant. | * * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Principal Life Insurance Company filed a six-count Complaint on April 10, 2014, essentially alleging insurance fraud by Defendant Karl Johnson. ECF No. 1. On May 8, 2014, Defendant, proceeding *pro se*, filed an Answer, in the form of a letter addressed to Plaintiff, generally denying the allegations set forth in Plaintiff's complaint. ECF No. 4. Specifically, Defendant asserts that he "do[es] not owe Principal Life money," that he is "unable to return to work on a full time basis," and states that the "statements made in the lawsuit…are false." *Id.* He also briefly states his version of events in connection with the factual allegations in the Complaint. *Id.*

Plaintiff has moved to strike the answer under Federal Rule of Civil Procedure 12(f) because Defendant failed to respond to each claim asserted in the Complaint and to adequately admit or deny the allegations in the Complaint in accordance with Federal Rule of Civil Procedure 8(b). ECF No. 7 at 2. Plaintiff also points out that Defendant's Answer does not have a caption as required by Federal Rule of Civil Procedure 10(a). *Id*.

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Recognizing that Defendant is proceeding *pro se* and that "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy," *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks omitted), the Court will deny Plaintiff's motion.

There are no grounds to strike the Answer because Defendant has failed to caption it appropriately. It was docketed as an answer in this case, and Plaintiff is fully aware it should be treated as such. Nor does the Court consider the answer substantively insufficient, particularly given the leeway that must be given *pro se* litigants. Defendant has not specifically admitted or denied, paragraph by paragraph, each and every factual statement in the Complaint, but he clearly denies that he owes Plaintiff money or misrepresented himself. A fair reading of Defendant's Answer is more than sufficient to alert Plaintiff as to how he responds to the allegations. While the Court will not allow a litigant's *pro se* status and ignorance of procedural rules prejudice another party, the Court will also not grant unnecessary relief for each and every *pro se* litigant's procedural foot fault. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). No justice is done by striking Defendant's Answer.

Accordingly, it is this 20th day of October, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion to Strike Defendant's Insufficient Answer [ECF No. 7] is **DENIED**.

/s/<br>
ROGER W. TITUS<br>
UNITED STATES DISTRICT JUDGE