IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **PRINCIPAL LIFE INSURANCE COMPANY,** | * * * * | |
| *Plaintiff,* | * * | |
| v. | * * | Case No. 8:14-cv-01123-RWT |
| **KARL JOHNSON,** | * * | |
| *Defendant.* | * * | |

# MEMORANDUM OPINION AND ORDER

On April 10, 2014, Plaintiff, Principal Life Insurance Company, filed this insurance fraud and breach of contract action against Defendant, Karl Johnson. ECF No. 1. Defendant, proceeding *pro se*, filed an answer on May 12, 2014. ECF No. 4. After engaging in discovery and deposing Defendant, Plaintiff moved on November 22, 2016 for summary judgment on all six counts of the Complaint. ECF No. 32. For the reasons below, Plaintiff's Motion for Summary Judgment will be granted.

**I.  Background**

On September 20, 2007, Plaintiff issued to Defendant a Disability Income Policy ("Policy") under which it would provide Defendant a total potential monthly benefit of $4,600 in the event of Total Disability. ECF No. 32-4. The Policy's definition of Total Disability is:

TOTAL DISABILITY – means solely due to Injury or Sickness:

1. During the Your Occupation Period
    a) You are unable to perform the substantial and material duties of Your Occupation; and
    b) You are not Working.
2. After the Your Occupation Period You are unable to Work in any occupation You are reasonably suited to by Your education, training and experience.

> 3. Both during and after the Your Occupation Period, You satisfy the requirements of the Claim Information section.

ECF No. 32-4 at 7. The Policy defines Your Occupation as "the profession(s) or occupation(s), not a specific job(s) or a job with a certain employer(s), You were Working in (and not Retired or Unemployed from) at the start of Your Disability." ECF No. 32-4 at 8. Finally, the Policy states, "*[i]f an overpayment of benefits should occur, We have the right to* either recoup the overpayment from future claim benefits or *require reimbursement within 60 days from You.*" ECF No. 32-4 at 14 (emphasis added).

On April 23, 2008, suffering from left foot and toe pain, Defendant filed a claim for Total Disability benefits, which Plaintiff approved on July 31, 2008. ECF Nos. 32-5, 32-11. Plaintiff then began paying Defendant a $4,600 monthly benefit, continuing to do so until June 30, 2011. ECF No. 32-14 at ¶ 4.

Prior to suffering this Total Disability, Defendant worked as Director of Racquets/Tennis Professional for Green Spring Valley Hunt Club and for his own business, Johnson Tennis. ECF No. 32-5 at 2. Therefore, Defendant's "Your Occupation" for purposes of the Policy was the tennis instructor profession and his disability prevented him from continuing to work in that field.

On January 2, 2010 and again on April 26, 2010, Defendant completed a "Continuation Claim Form," affirming that he remained Totally Disabled and was not working. ECF Nos. 32-6, 32-7. Because of Defendant's reported Total Disability status, Plaintiff continued to pay out his monthly benefits. The monthly disability benefits paid to Defendant during the period of March 2009 to September 20, 2010 totaled $87,400. ECF No. 32-13. Defendant does not dispute that this is the amount of Total Disability benefit he received during that period. ECF No. 32-10 at 60-61.

Contrary to his prior assertions in the Continuation Claim Forms, Defendant admitted in his deposition that he worked for Bethesda Country Club from March 2009 to September 20, 2010. ECF No. 32-10 at 20-21. Defendant's tax returns confirm this. ECF No. 32-12. Bethesda Country Club completed an Employer Questionnaire confirming its employment of Defendant as a Tennis Pro during this period. ECF No. 32-8. Defendant even confirmed the accuracy of this information reported by Bethesda Country Club. ECF No. 32-10 at 21-22. Additionally, Defendant stated that he worked at the Club full-time as a tennis instructor during this period and only left near the end of 2010 because of his health issues. ECF No. 32-10 at 20-21. However, later in the deposition Defendant changed course and asserted that he was not teaching tennis during this period; rather he only answered phones and did desk work. ECF No. 32-10 at 26, 36. Notably, other than this one self-serving statement, Defendant does not provide any further evidence in support of this assertion.

Plaintiff first learned of Defendant's return to work in April 2011 when Plaintiff received Defendant's tax returns showing income from the Club in 2009 of $19,503 and in 2010 of $22,885. ECF No. 32-14 at ¶ 5. Plaintiff then sent Bethesda Country Club the Employer Questionnaire, which confirmed Defendant's return to work as a full-time tennis instructor. Finding that Defendant had resumed work in his Your Occupation field of work without telling Plaintiff, Plaintiff ceased paying Defendant's monthly benefits.

In July 2015, Defendant filed a Chapter 13 Bankruptcy Petition, *In re: Karl Richard Johnson*, U.S. Bankruptcy Court for the District of Maryland, Case No. 15-19273, and this Court stayed this case pending the outcome of the bankruptcy matter. ECF No. 26. After the bankruptcy case was dismissed, the parties once again engaged in discovery, including a September 2016 deposition of Defendant. ECF No. 29.

3

Defendant did not file a response to Plaintiff's Motion for Summary Judgment. On August 22, 2018, this Court directed the Clerk to issue a Rule 12/56 Letter to Defendant and gave Defendant 17 days to respond. ECF Nos. 34, 35. The Clerk's Letter was returned as undeliverable.[1] ECF Nos. 35, 36. To date, Defendant has not provided any evidence to challenge the assertions made in the Motion for Summary Judgment and attached exhibits.

## II. Standard of Review

Summary judgment is proper under Fed. R. Civ. P. Rule 56(a) if there is no genuine dispute over any material facts, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable trier of fact to return a verdict for the nonmoving party. *Id.* While the court must view the evidence in the light most favorable to the nonmoving party, *Francis*, 452 F.3d at 302, it must also "prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). Thus, the court may only rely on facts supported in the record, not assertions made in the pleading. *Id.* Moreover, the court must view all facts and make all reasonable inferences in the light most favorable to the nonmoving party. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must present more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact that would preclude summary judgment. *Anderson*, 477 U.S. at 252.

---

[1] Pursuant to Local Rule 102.1.b.ii, parties have a continuing duty to promptly notify the Clerk of any change of address.

**III.	Analysis**

Because Defendant failed to respond to the Motion for Summary Judgment and failed to present any evidence, the Court must accept the facts presented in Plaintiff's evidence as the undisputed facts of this case. Plaintiff presents a variety of theories of recovery in the six-count Complaint. However, the fact of the matter is that the Policy provides the terms of recovery: Defendant was only entitled to benefits payments while he was Totally Disabled, and Plaintiff is entitled to recover any overpayments.

This Court need not specify on which counts Plaintiff may recover. Rather, under our judicial system, plaintiffs are only entitled to a single recovery. Here, it is simple: Defendant filed a disability claim because his health allegedly rendered him Totally Disabled, was approved for and received disability payments, returned to work as a tennis instructor, then continued receiving Total Disability payments. Under the clear terms of the Policy, payments made subsequent to Defendant's return to work were made in error, and thus Plaintiff is entitled to recover the total sum of these payments. Accordingly, it is this 28th day of September, 2018, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion for Summary Judgment [ECF No. 32] is **GRANTED**; and it is further

**ORDERED**, that the Clerk is directed to **ENTER** judgment in favor of the Plaintiff and against the Defendant in the amount of $87,400, together with the costs of this action, and to **CLOSE** this case.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE